# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID RESCEK and LINH D. HOANG-RESCEK,<br><br>    Plaintiffs,<br><br>  v.<br><br>WILLIAM BARR, Attorney General of the United States of America; KEVIN MCALEENAN, Secretary, Department of Homeland Security (DHS); LEE FRANCIS CISSNA, Director, United States Citizenship and Immigration Services (USCIS); MARTHA MEDINA-MALTES, DHS, USCIS, Chicago Field Office Director; THOMAS M. CIOPPA, DHS, USCIS, Chicago District Director; and UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 18 C 1041<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Defendants' Motion for Summary Judgment (Dkt. No. 27) is granted.

## I. BACKGROUND

This case involves an attempt by a citizen of Vietnam to obtain lawful permanent residency. Plaintiff Linh Hoang-Rescek ("Hoang") initially came to the United States in 2016 on a student visa. On September 9, 2009, she married Arromes Rivera ("Rivera"),

a United States citizen. In December of 2009, Rivera on behalf of Hoang, filed with the United States Citizenship and Immigration Services ("USCIS") a I-130 Petition, seeking to classify Hoang, his non-citizen spouse, as an "immediate relative" which would grant her the status of "conditional lawful permanent resident." After an interview with USCIS, her I-130 Petition was granted. This conditional status was good for two years, but in order to remove the conditions, the alien and spouse needed to file a I-751 Petition within 90 days of the conclusion of the conditional lawful permanent residence. On January 11, 2012, Rivera and Hoang filed a joint I-751 Petition with USCIS. Upon filing the I-751 Petition it was necessary for the petitioners to demonstrate that they did not enter into the marriage for the purpose of evading the immigration laws of the United States. 8 C.F.R. § 216.4(a)(5). The petition suggests the type of evidence needed to make this showing. *See id*.

Along with their I-751 Petition, Hoang and Rivera submitted numerous exhibits which they contended demonstrated that they were in fact living together as husband and wife. As part of its investigation, USCIS interviewed Rivera on July 30, 2012. Two weeks later, Rivera and Hoang filed for divorce, which was granted on August 13, 2012. In August of 2012, Hoang filed an amended I-751 Petition in which Rivera was not a co-petitioner. On July 20, 2013,

U.S. Customs and Border Protection interviewed Hoang at O'Hare International Airport. Then in August of 2013, USCIS issued a Notice of Intent to Deny ("NOID") Hoang's I-751 Petition. The NOID advised Hoang that USCIS's investigation had determined that the parties had intended to deceive the Government regarding the bona fides of the marriage between Hoang and Rivera. Hoang responded with an affidavit which asserted that the marriage between she and Rivera did not have as its sole purpose the evasion of the immigration laws. On September 19, 2013, USCIS denied the I-751 petition and issued a Notice to Appear, which placed Hoang in removal proceedings before an immigration judge.

On September 7, 2013, Hoang married Plaintiff David Rescek ("Rescek"), who in October of 2013, filed an additional I-130 Petition on Hoang's behalf as an alien relative. In June of 2015, the immigration judge presiding over Hoang's removal proceedings administratively closed those proceedings pending adjudication of the new I-130 Petition. An administratively closed proceeding can be reopened ("recalendered") by either USCIS or the alien.

On September 28, 2015, USCIS issued a NOID regarding Rescek's I-130 Petition. Once again USCIS explained that its records contained substantial and probative evidence that Hoang's prior marriage was a sham and was entered into to evade the immigration laws. It also advised Rescek that § 204(c) of the Immigration and

Nationality Act precluded a subsequent I-130 Petition. Rescek and Hoang were invited to submit additional materials in support of their position which they did. On February 23, 2016, the I-130 Petition was denied on the basis that USCIS had found the 2009 marriage between Rivera and Hoang to be a sham. Hoang and Rescek appealed the denial to the Board of Immigration Appeals and on January 11, 2018, the Board dismissed the appeal.

In October of 2018, the Department of Homeland Security moved to recalendar Hoang's removal proceedings and a hearing was scheduled by the immigration judge for August 7, 2019. At the August hearing, the immigration judge continued Hoang's removal proceedings to December of 2019 so that the immigration judge could learn how this Court will rule. (*See* 8/29/19 Status Report, Dkt. No. 37.)

## II. **DISCUSSION**

Plaintiffs filed their Complaint on February 9, 2019, seeking review under the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.*, of Defendants' denial of Rescek's I-130 visa petition. Defendants now move for summary judgment on two grounds: (1) that the Court does not have jurisdiction to hear this case because Plaintiffs failed to exhaust administrative remedies; and (2) that the decision to deny Rescek's I-130 Petition is supported by the record and was not arbitrary, capricious, or otherwise infirm under

the standards of the Administrative Procedure Act. The first argument determines the outcome because Plaintiffs have indeed failed to exhaust their administrative remedies.

The gist of the Government's argument is that the merits of USCIS's argument that the marriage between Hoang and Rivera was a sham will be central to Hoang's removal proceedings. If the immigration judge finds that the I-130 Petition was improperly denied, then Hoang will be on the road to lawful permanent residence. Plaintiffs counter that they cannot challenge USCIS's denial of Hoang's I-751 Petition and its finding of marriage fraud in the context of Hoang's present removal proceedings. Plaintiffs' argument fails because the reason USCIS denied Rescek's I-130 Petition was the sham marriage between Hoang and Rivera—immigration law does not allow a subsequent non-sham marriage to right the ship and be the support for the subsequent I-130 Petition. An immigration judge has not ruled on the validity of the original marriage; only USCIS and the Board of Immigration Appeals have.

8 CFR § 216.5(f) states that while there is no appeal from an adverse decision by USCIS on the I-130 or the I-751 decisions, nevertheless "the alien may seek review of such decision in the removal proceedings." *See* 8 CFR § 216.5(f). Which is precisely where we are at the present time. Moreover, 8 CFR § 1245.2(1) gives

exclusive jurisdiction to the immigration law judge who is presiding over removal proceedings to adjudicate any application of adjustment of status. Thus, the immigration judge currently presiding over Hoang's removal proceedings has jurisdiction to review USCIS's I—751 denial and marriage fraud finding.

Accordingly, Defendants' Motion for Summary Judgment is granted. Because Plaintiffs have failed to exhaust their administrative remedies, the Court need not reach to the issue of whether the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accord with the law.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment (Dkt. No. 27) is granted.

**IT IS SO ORDERED.**

                                    Harry D. Leinenweber, Judge
                                    United States District Court

Dated: 9/4/2019